# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **HELLOFILTERS, INC., et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No.: 3:17-cv-01569 |
| v. ) | |
| ) | JUDGE WILLIAM CAMPBELL, JR. |
| **HARRY HOOVER, III, et al.,** ) | MAGISTRATE JUDGE NEWBERN |
| ) | |
| Defendants. ) | |

## JOINT DISCOVERY DISPUTE STATEMENT

Plaintiffs, HelloFilters, Inc., and Mid-South Maintenance of TN, Inc., and Defendants Harry E. Hoover, III, and FilterX, LLC (the "Hoover Defendants"), respectfully file this Joint Discovery Dispute Statement.

Lead counsel for these parties held an in-person meeting on September 12, 2018, at approximately 3:00 p.m. The parties made a good-faith attempt to resolve the discovery disputes outlined herein.

## I. PLAINTIFFS' POSITION

### A. Discovery History

HelloFilters propounded Interrogatories, Requests for Admissions, and Request for Production, on Harry Hoover, on April 23, 2018. HelloFilters propounded Interrogatories, and Request for Production, on FilterX on April 23, 2018. Counsel for HelloFilters initially granted Harry Hoover and FilterX an extension until approximately June 10, 2018, to respond to discovery. Harry Hoover answered the Interrogatories and Requests for Admissions on June 8,

1

2018. FilterX answered the Interrogatories on June 8, 2018. To date, neither FilterX nor Harry Hoover have responded to HelloFilters' Request for Production of Documents.

Likewise, Harry Hoover and FilterX propounded Interrogatories and Request for Production on HelloFilters. HelloFilters fully responded to discovery on September 4, 2018.

Harry Hoover and FilterX requested a judicial settlement conference which was granted and then held on September 12, 2018.

Prior to the settlement conference, counsel for the parties conferred about discovery issues during several telephone calls and emails. Those conferences resulted in the parties filing a Joint Motion for a Protective Order which was granted on July 20, 2018.

On August 23, 2018, Mr. Wills sent Mr. Harmon a letter outlining the outstanding discovery issues between the parties. It should be noted, that even up to this filing, the parties have seemingly been cooperative with each other and have been genuinely working to try and resolve the discovery issues – but for reasons unknown to Plaintiffs' counsel, despite phone calls, letters, and emails, Harry Hoover and FilterX have still not responded to Plaintiffs' Request for Production.

On August 29, 2018, Mr. Wills and Mr. Harmon had a telephone conference regarding the production of discovery materials. It was Mr. Wills' understanding that the parties were in agreement that with the Protective Order in place, the parties would exchange discovery, including trade secret information, without hesitation, and certainly in advance of the settlement conference. It was Mr. Wills' understanding that HelloFilters would provide its production by September 4; and likewise, Harry Hoover and FilterX would provide their production by September 4. Harry Hoover and FilterX did not provide production which significantly impaired the value of the settlement conference. Moreover, the parties were also endeavoring to reduce

2

client cost in the hope that the case would settle. However, with the looming deadlines to complete discovery, the parties seem to still be at odds of when and how production should take place. Plaintiffs have a real concern the Harry Hoover and FilterX are intentionally stalling the process – which despite all good faith efforts to resolve the issues – has significantly prejudiced Plaintiffs.

**B.  Discovery Issues**

**i.  Computers/Inspection/E-Discovery**

There are numerous computers at issue in this case which Plaintiff believes may contain admissible discovery, including but not limited to, client lists, computer programs, sales data, etc., that may be the property of HelloFilters. Mr. Wills and Mr. Harmon agreed that an in-person inspection of the computers may be more efficient than sending the equipment off to an expert for disk imaging. At the in-person meet-and-confer on September 12, 2018, Mr. Harmon agreed to let Mr. Wills inspect the computers at Waller on September 14, 2018. If that is not successful or yields no results, the parties will need to engage an expert to image the computers which would require additional time to complete.

**ii.  HelloFilters' Requests for Production to FilterX**

HelloFilters requested that FilterX produce the following items:

1. A copy of all financial records to date, including bank statements, accounting records, profit/loss statement, and balance sheet.
2. All written communications, including emails, that are in your possession and between you and any other named Defendant in this matter.
3. All written communications, including emails, that are in your possession and between you and Plaintiff.

3

4. All written communications between you and any third party that reference Winston Templet.

5. All written communications between you and any third party that references HelloFilters.

6. All written communications between you and any third party that references MSM.

7. Copies of all purchase orders between you and any supplier.

8. Copies of all purchase orders between you and any customer.

Mr. Harmon had agreed to deliver items responsive to these requests but has not done so for the reasons stated above. Fed. R. Civ. P. 26 grants Plaintiff the right to request these items as the items are all relevant to Plaintiff's claims of trade secret misappropriation. Plaintiff was expecting this information on September 4, 2018, at the latest. At the September 12, 2018, meet-and-confer, it was requested that the production be made no later than September 13, 2018. Mr. Harmon advised that would be impossible – even though the discovery was served back in April and they have had ample time to collect the information.

### iii. HelloFilters' Request for Production to Harry Hoover

HelloFilters requested that Harry Hoover produce the following items:

1. All written communications, including emails and text messages, that are in your possession and between you and any shareholder, officer, agent, or employee of HelloFilters or MSM, from January 1, 2017 to present. (You are to produce these in electronic format preserving all metadata).

2. All written communications, including emails, that are in your possession and between you and any other named Defendant in this matter.

3. All written communications, including emails, that are in your possession and between you and Plaintiff.

4. Any contracts, offers of employment or otherwise, between you and any other named Defendant in this matter.

5. Copies of any corporate files, documents, or information that is in your possession that originated from your employment with HelloFilters and MSM. If any of these are preserved in electronic format, provide a copy of same in electronic format.

6. Copies of any police reports or documents from the Millersville Police Department related to the allegations in the Plaintiffs' Complaint.

7. Copies of all documents relating to the organization and registration of FilterX, LLC.

8. Copies of any documents relating to the financing used to start and operate FilterX through present day.

9. Copies of any mortgages or leases to which FilterX is a party.

10. Provide an electronic copy of each hard drive of each computer system you removed from MSM's premises.

11. Provide copies of any and all non-privileged documentation pertaining to the foldable air filter that is the subject of paragraph 55 of Plaintiffs' Complaint and paragraph 55 of Harry Hoover's Answer.

12. Copies of all non-privileged documentation pertaining to the proposed asset purchase agreement that is the subject of paragraph 62 of Plaintiffs' Complaint.

5

13. For each piece of property that you removed from MSM's premises, provide documentation of ownership.

14. Any contracts for employment or otherwise between yourself and MSM or HelloFilters.

HelloFilters has alleged that Harry Hoover removed many of these items from HelloFilters' property. These items are discoverable pursuant to Fed. R. Civ. P. 26 because the information is likely admissible evidence that supports Plaintiffs' claims.

### iv. Plaintiffs' Expert Witness Deadline

Plaintiffs are due to disclose expert witnesses and expert reports by September 28, 2018. That is the same date fact discovery is set to close. Plaintiffs have an expert witness ready to assist, but it is impossible for the expert to conduct a valuation and generate a report without the discovery. Defendants' delay has prejudiced Plaintiff. However, the parties have agreed to motion the court for additional time – at a minimum 37 days – but practically the parties will need even more time than that to complete discovery.

### v. Amendments to Complaint

The time for amending the complaint has long passed – however, Plaintiffs have discovered, as recently as September 12, 2018, that additional parties may be involved with FilterX that may be necessary to add as parties. Plaintiffs intend to file a motion with the Court seeking leave to amend.[1]

---

[1] This issue was not discussed at the in-person meeting on September 12. However, Plaintiffs' counsel is scheduled to meet with Mr. Hoover's counsel Friday, September 14, 2018, and will discuss the issue at that time.

## B. Conclusion

All of the parties have consented to proceeding before Magistrate Judge Newbern. The consent form was filed on September 13, 2018 at 2:23 p.m.[2] The parties are requesting that the Court modify the scheduling order of this case and assist in resolving the discovery dispute issues. In the interim, and only if necessary, Plaintiff intends to file a Motion to Compel requesting a date certain for production to be completed and to allow additional time for further disputes, if any. Lastly, the parties have agreed to file a joint motion to modify the scheduling order, if necessary, following the discovery conference with the Court.

## II. HOOVER DEFENDANTS' POSITION

The Hoover Defendants have been above-board and transparent with Plaintiffs coming into the settlement conference, and the suggestion otherwise is misplaced. The Hoover Defendants and Plaintiffs recognized that the potential for cost savings associated with discovery could benefit the settlement discussions for a case that the Hoover Defendants have asserted, and continue to assert, is baseless and has minimal recoverable damages, even if the claims had any validity. Before the settlement conference, the Hoover Defendants offered to provide an inspection of Mr. Hoover's computers, which, given the central trade secrets claims in this case, seemed to be the most cost-effective way to provide information before the settlement conference.

Plaintiffs sought a meet and confer immediately after the settlement conference ended. This immediate push to move to compel document production after the conclusion of the settlement conference is surprising for three reasons. First, with the parties had difficulty finding a date for the scheduling conference, the Hoover Defendants offered to consent to a lengthy extension of time to continue discovery, even up to a ninety-day extension, recognizing that

---

[2] The consent has not been signed and entered by Judge Campbell at the time of filing this instant statement.

expensive discovery before the settlement conference could impair the possibility of settlement. Such an extension might necessitate moving the trial date, and the Hoover Defendants suggested the possibility of consenting to the magistrate judge if it would facilitate the movement of the trial date. The parties always expected to move the deadlines for discovery if the case did not settle. The question was simply how long the extension would be.

Second, Plaintiffs' representation that they have fully responded to discovery is incorrect. Discovery for both sides is not complete. Plaintiffs provided a thin, incomplete document production just days before the settlement conference. Plaintiffs have yet to even provide a calculation of their purported damages, despite the requirements of Rule 26. The document production shows that Plaintiffs have not provided all communications, such as emails, that would be responsive to the document requests. The Hoover Defendants did not address Plaintiffs' discovery deficiencies immediately after the settlement conference, but absent proper supplementation, there are sure to be additional discovery disputes shortly.

Third, the Hoover Defendants informed Plaintiffs that they intended to move with reasonable speed to produce documents after the settlement conference ended. The Hoover Defendants intend to produce documents on a rolling basis, and they have provided an opportunity to inspect Mr. Hoovers' computers.

Given the demand for an immediate production of documents after the settlement conference ended (and after the Hoover Defendants offered an inspection of their computers), and given Plaintiffs' demand that they immediately bring their document production concerns to the Court after the settlement conference, the Hoover Defendants have not had the opportunity to set out all deficiencies with Plaintiffs' discovery responses and document production. Therefore, this joint statement does not contain all discovery disputes between the parties.

8

The Hoover Defendants strongly support the request that the parties have a Rule 16 conference with the Magistrate Judge to discuss both timing of discovery and the schedule in this case.

Respectfully submitted,

*/s/ Bennett J. Wills*
Brian T. Boyd (BPR # 023521)
Bennett J. Wills (BPR # 034831)
**LAW OFFICE OF BRIAN T. BOYD**
214 Overlook Circle, Suite 275
Brentwood, TN 37027
(615) 861-1936
brian@boydlegal.co
bennett@boydlegal.co
*Attorneys for Plaintiffs*

*/s/ Michael T. Harmon, with permission*
Michael T. Harmon (BPR # 027279)
William T. Cheek III (BPR # 014787)
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
(615) 244-6380
michael.harmon@wallerlaw.com
will.cheek@wallerlaw.com
*Counsel for Defendants Harry E. Hoover, III; FilterX, LLC; and Nanette Hoover*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served via the Court's electronic notice system or via U.S. Mail postage pre-paid, on the following:

Michael T. Harmon
William T. Cheek
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
michael.harmon@wallerlaw.com
will.cheek@wallerlaw.com
*Counsel for Defendants Harry E. Hoover, III; FilterX, LLC; and Nanette Hoover*

Joe Zanger
ZANGER LAW FIRM
135 Cliff Garrett Dr
White House TN 37188
joe@zangerlaw.com
*Counsel for Defendant Amy Williams*

Corey Sery
99 Rose Street
Nashville, TN 37210
corey@coreysery.io
*Defendant Pro Se*

Austin Adams
1407 South 12th Street
Murray, KY 42071
Austinaladams@gmail.com
*Defendant Pro Se*

Dated: September 13, 2018.   */s/ Bennett J. Wills*