UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HELLOFILTERS, INC. et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>HARRY E. HOOVER, III et al.,<br><br>   Defendants. | Case No. 3:17-cv-01569<br><br>Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

Plaintiffs HelloFilters, Inc., and Mid-South Maintenance of Tennessee, Inc., have filed a motion to dismiss this action without prejudice under Federal Rule of Civil Procedure 41(a)(2). (Doc. No. 136.) Plaintiffs state that Defendants Amy Williams and Corey Sery are willing to stipulate to dismissal without prejudice. (*Id.*) Defendants FilterX, LLC; Harry Hoover; Nanette Hoover; and Austin Adams (the Hoover Defendants) have responded in opposition (Doc. No. 140) and Plaintiffs have replied (Doc. No. 144). The undersigned Magistrate Judge has jurisdiction over dispositive motions in this action by the parties' consent under 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Doc. No. 55.) For the reasons that follow, Plaintiffs' motion will be granted subject to certain conditions.

**I.    Relevant Background**

Plaintiffs initiated this action by filing a complaint on December 15, 2017, alleging that former Mid-South Maintenance employees Williams and Harry Hoover, sub-contractors Adams and Sery, and Harry Hoover's wife, Nanette Hoover, conspired to harm Plaintiffs' businesses after Harry Hoover left Mid-South Maintenance and formed a competing business, FilterX. (Doc. No. 1.) Plaintiffs claim that the defendants misappropriated Plaintiffs' trade secrets in violation of

the Defend Trade Secrets Act, 18 U.S.C. § 1836, et seq., trespassed on Plaintiffs' property, converted Plaintiffs' personal property, and diverted Plaintiffs' clients to FilterX. (*Id.*) Plaintiffs allege that these actions constituted unfair competition and tortious interference with Plaintiffs' businesses by all defendants, as well as breaches of fiduciary duty by former employees Harry Hoover and Williams. (*Id.*)

In the three years since this case was filed, the discovery period has been extended numerous times (Doc. Nos. 38, 57, 66, 71, 112, 115, 117, 119) and has now closed. The parties have engaged in multiple discovery dispute conferences with the Court. (Doc. No. 54, 71, 78, 84, 86, 112.) At the parties' request, the Court has held two judicial settlement conferences, neither of which resulted in settlement. (Doc. Nos. 43, 50, 75. 79, 87.) On June 29, 2020, Williams and Sery filed motions for summary judgment (Doc. Nos. 120, 121), to which Plaintiffs responded (Doc. Nos. 124, 125). On July 23, 2020, Plaintiffs moved to substitute Wilson Templet in the place of Mid-South Maintenance under Rule 25(c) (Doc. No. 126), which the Hoover Defendants opposed (Doc. No. 139). This matter was scheduled for a bench trial on November 17, 2020, (Doc. No. 119), but the trial date was continued (Doc. No. 137) at the parties' request.

On October 20, 2020, Plaintiffs moved to voluntarily dismiss the action without prejudice under Rule 41(a)(2). (Doc. No. 136.) Plaintiffs state that Sery and Williams are willing to stipulate to dismissal without prejudice. (*Id.*)

The Hoover Defendants oppose an unconditional dismissal without prejudice on grounds that they have spent a significant amount on legal fees to defend this action, "Filter[X] has suffered millions of dollars in lost business opportunity[,]" and they are concerned that, if Plaintiffs "refile another suit and relitigate this case from square one[,]" the defendants will be subjected to "more years of high cost litigation[.]" (Doc. No. 140, PageID# 1971.) The Hoover Defendants ask the

Court to condition any dismissal without prejudice to require "that, if Plaintiffs refile this action, or a substantially similar action or set of claims[:]" (1) "the new action be merged with this action and that the new action commence at the procedural posture as this action at the time of dismissal[;]" (2) "Plaintiffs be required [to] supplement all responses to every defendant's discovery requests in this action immediately upon refiling this action or any substantially similar action or set of claims[;]" (3) "Plaintiffs be required to preserve all evidence in their possession that is relevant to any claim or defense stated in this action, whether or not such evidence is subject to a discovery request, and continue to preserve such evidence until the expiration of all statutes of limitations or repose that apply to the claims stated in this action[;]" and (4) "Plaintiffs be required to pay all court costs of this action before refiling any new action against the Hoover Defendants." (*Id.* at PageID# 1971–72.) Plaintiffs reply that they have been diligent in prosecuting this case and that the Hoover Defendants have been responsible for all delays. (Doc. No. 144.) Plaintiffs also argue that the Hoover Defendants' requested conditions are not warranted because the Hoover Defendants have not shown that an unconditional dismissal without prejudice would cause the Hoover Defendants unfair treatment or plain legal prejudice. (*Id.*)

**II.     Legal Standard**

Federal Rule of Civil Procedure 41 provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Whether to grant a dismissal under Rule 41(a)(2) is within the sound discretion of the district court. *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). Generally, "a district court should grant a motion for voluntary dismissal unless a defendant can show that it will suffer some plain legal prejudice as a result." *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987). "Plain legal prejudice" does not result simply because the defendant faces the prospect of defending a second lawsuit, *see Grover*, 33 F.3d at 718, nor does it result simply because the

3

plaintiff may gain some tactical advantage in a future lawsuit, *see Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 502 (6th Cir. 2007).

In *Grover*, the Sixth Circuit identified four factors that a court should consider in determining whether to grant a voluntary dismissal: (1) the amount of time and effort the defendant has incurred in preparing for trial; (2) any lack of diligence on the part of the plaintiff in prosecuting the action; (3) the plaintiff's failure to explain the need for dismissal; and (4) whether the defendant has filed a motion for summary judgment. *Grover*, 33 F.3d at 718. Importantly, the court may condition a Rule 41(a)(2) dismissal without prejudice on "whatever terms the district court deems necessary to offset the prejudice the defendant may suffer from a dismissal without prejudice. *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 583 F.3d 948, 954 (6th Cir. 2009).

**III.    Analysis**

The second and fourth *Grover* factors counsel in favor of granting Plaintiffs' motion for voluntary dismissal without prejudice, as the record does not reflect a lack of diligence in prosecuting this action and the Hoover Defendants have not filed any motions for summary judgment. Analysis of the first and third *Grover* factors, however, suggests that conditions are needed to prevent duplication of the extensive effort and resources that have already been expended in this case. *See Bridgeport*, 585 F.3d at 954. This action has been pending for over three years, during which time the parties have engaged in active—and often contentious—discovery, as the docket reflects. (Doc Nos. 52–54, 57, 69–71, 73–74, 78, 80–82, 84, 86, 88–92, 95–96, 112, 114–115, 117–119.) All parties have represented to the Court that they have been working diligently to prepare for trial. (Doc. No. 131.) Plaintiffs moved for voluntary dismissal less than a month before trial was scheduled to begin. (Doc. No. 136.)

To limit potential prejudice and duplication of the parties' efforts in this case, dismissal will be subject to the condition that any related action filed by Plaintiffs will be merged with this action and will commence at the same procedural posture of this action at the time of dismissal. If the defendants wish to seek additional discovery or repayment of costs after a related future action is filed, they may do so at that time by filing a motion in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.

While the Hoover Defendants ask the Court to order Plaintiffs to preserve any relevant evidence in their possession until the expiration of the relevant statutes of limitations or repose, such a condition is not necessary. All parties already bear "a duty to preserve relevant information," because they "'ha[ve] notice that the evidence is relevant'" to potential future litigation. *John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008) (quoting *Fujitsu Ltd. V. Fed. Express Corp.*, 247 F.3d 423, 436 (2d Cir. 2001)); *see also Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 591 (4th Cir. 2001) ("The duty to preserve material evidence arises not only during litigation but also extends to that period before the litigation when a party reasonably should know that the evidence may be relevant to anticipated litigation."). Because dismissal without prejudice enables Plaintiffs to refile the claims in this action, all parties are on notice of potential future litigation and thus owe a duty to preserve potential evidence in their custody and control until the opportunity for future litigation has passed.

## IV. Conclusion

For the foregoing reasons, Plaintiffs' motion to dismiss this action without prejudice under Rule 41(a)(2) (Doc. No. 136) is GRANTED, subject to the condition that any future related action filed by Plaintiffs will be merged with this action and will commence at the same procedural posture as this action at the time of dismissal.

This action is DISMISSED WITHOUT PREJUDICE as set out in this Order. All pending motions (Doc. Nos. 120, 121, 126 138) are TERMINATED.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge